```
       IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF KANSAS
```

**ROGER ALLEN COLLINS, JR.,**

            **Plaintiff,**

      v.                              CASE NO. 22-3135-SAC

**CITY OF WICHITA, KANSAS,**
**et al.,**

            **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on a civil complaint filed pro se by a person held at the Sedgwick County Jail (SCJ). Plaintiff's fee status is pending.

### Nature of the case

Plaintiff submitted the original complaint (Doc. 1) on June 30, 2022, and on July 6, 2022, he filed a motion to supplement (Doc. 4). A second motion to supplement followed on July 14, 2022 (Doc. 5). The court grants those motions and has considered the supplements in screening this action.

Plaintiff sues the City of Wichita, the Wichita Police Department, and three Wichita police officers. His claims appear to arise from four separate incidents in which he was stopped by police, three times while driving a car and once while riding a bicycle. In these incidents, he was charged with driving on an expired tag, driving with a suspended license, and having a stolen license tag. He broadly alleges that these police actions were illegal, "convert[ed] a right into a crime" and violated his right to travel. He also complains that his car was auctioned by a towing company, resulting in the loss of

the vehicle and the personal property inside it. He seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has completed the screening of this matter, and for the following reasons, will direct plaintiff to show cause why the action should not be dismissed.

First, the court finds that plaintiff's argument that he was exercising a right to travel while driving in his vehicle and therefore was exempt from license and registration requirements fails to state

a claim for relief. The federal courts have uniformly rejected this claim. *See, e.g., U.S. v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011)(explaining that plaintiff's belief that right to travel is a "God given right" and that driver's license requirement applied only to "public officials or corporations" was learned from the "Sovereign Citizens Movement") and *Secor v. Oklahoma*, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016)(dismissing claim of sovereign citizen plaintiff that he was not required to have a driver's license or car insurance).

The United States Supreme Court recognizes the freedom to travel as a basic constitutional right. *See United States v. Guest*, 383 U.S. 745, 758 (1966). "This federal guarantee of interstate travel ... protects interstate travelers against two sets of burdens: 'the erection of actual barriers to interstate movement' and 'being treated differently' from intrastate travelers." *Bay v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276-77 (1993) (quoting *Zobel v. Williams*, 457 U.S. 55, 60 n.6 (1982)).

However, the Supreme Court also has held that states may constitutionally regulate the use of public roads by licensing drivers and that "[a]ny appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process." *Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled on other grounds*, *Perez v. Campbell*, 402 U.S. 637 (1971); *see also Delaware v. Prouse*, 440 U.S. 648, 658 (1971) ("[T]he states have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles.").

Next, plaintiff makes only bare claims that the actions of the defendant officers resulted in a false arrest and an illegal search that violated his rights. The Supreme Court has held that an officer

may arrest an individual without violating the Fourth Amendment so long as he has probable cause to believe that individual committed even a very minor criminal offense in that officer's presence. *Atwater v. City of Lago Vista*, 535 U.S. 318, 354 (2001). In *Atwater,* the Supreme Court found no Fourth Amendment violation occurred when a police officer arrested a driver for failing to wear a seatbelt and for failing to secure her children with seatbelts, both misdemeanor traffic offenses under Texas state law. 532 U.S. 318, 325 (2001). The Supreme Court stated that when a law enforcement officer "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Id.* at 354.

Accordingly, plaintiff's claim that traffic violations are not a crime and his bald assertions of false arrest and violation of the Fourth Amendment fail to state a claim for relief.

Third, to the extent plaintiff alleges he was subjected to illegal prosecution, illegal sentence, and illegal detention, his claim under § 1983 is not cognizable. The Supreme Court has held that a plaintiff may recover damages for an unconstitutional conviction or imprisonment only if the plaintiff shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because plaintiff has not made this showing, this claim is subject to dismissal. Any claim that challenges plaintiff's present confinement must be presented in the state courts, including the state appellate courts, before he may proceed in federal habeas corpus.

Fourth, plaintiff makes no specific claim against the City of Wichita. The Supreme Court has explained that government entities can be sued only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Accordingly, to state a claim against the City of Wichita under § 1983, plaintiff must allege (1) the existence of an official policy or custom; and (2) that the official policy or custom was the driving force behind the constitutional violation alleged. *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1205 (D. Colo. 2020). Plaintiff has not offered any allegation that satisfies these criteria.

Fifth, plaintiff's claim against the Wichita Police Department fails because the department is not a suable entity and is not a "person" subject to suit under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (finding that § 1983 claims against a police department were properly dismissed with prejudice because the police department was not a "separate suable entity") *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986). The

appropriate defendant is the City of Wichita, the municipal government that is responsible for the department. However, as explained, plaintiff has not sufficiently supported a claim against the City of Wichita.

Finally, to the extent plaintiff seeks damages for the loss of his personal property, he does not state a claim for federal relief. It is settled that neither a negligent nor an unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available). *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property whet existence of state tort claims process provided due process). In *Parratt*, the Supreme Court reasoned that where a loss of property occurs from a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur. *Parratt,* 451 U.S. at 541. Under these circumstances, the court observed: "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful

hearing before the deprivation." *Id.* "[W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails to provide an adequate postdeprivation remedy for the property loss." *Id.* 451 U.S. at 541-542.

When, as here, the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a predeprivation hearing. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994).

### Conclusion

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter on that ground without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **August 5, 2022,** to show cause why this matter should not be dismissed.

IT IS FURTHER ORDERED plaintiff's motions to supplement the complaint (Docs. 4 and 5) are granted.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 6) is provisionally granted. Plaintiff is reminded to supplement the record with a copy of his institutional financial

account records.

**IT IS SO ORDERED.**

DATED:  This 15th day of July, 2022, at Topeka, Kansas.

                                S/ Sam A. Crow

                                SAM A. CROW
                                U.S. Senior District Judge